UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60213-CR-ZLOCH

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                               **O R D E R**

DOROTHY STEWART,

      Defendant.
_____/

THIS MATTER is before the Court upon the Report And Recommendation (DE 76) filed herein by United States Magistrate Judge William Matthewman. No Objections have been filed to said Report. The Court has conducted a de novo review of the entire record herein and is otherwise fully advised in the premises.

On December 3, 2012, the Court held an evidentiary hearing on Defendant Stewart's Motion To Suppress (DE 22), and on December 4, 2012, Defendant Stewart was tried and found guilty of bulk cash smuggling in violation of 31 U.S.C. § 5332(a)(1), the single count charged in the Indictment. See DE 7. Following the jury's verdict, during the discussion of whether or not Defendant could remain on bond, the Court questioned Defendant's lawyer, Robert Gershman, Esq., about whether he believed his client committed perjury when she testified. Subsequently, the Court referred this matter to Magistrate Judge Matthewman for an evidentiary hearing (DE 55), which was held on January 29, 2012. Mr. Gershman, John Cleary, Esq., co-counsel for Defendant, and Mark Dispoto, Assistant United States Attorney, who represented the Government at trial in

the instant case, testified at the evidentiary hearing.

In the instant Report (DE 76), Magistrate Judge Matthewman answers the series of questions posed by the Court with respect to Defense counsels' compliance with their professional and ethical responsibilities at the suppression hearing and Defendant's trial. Judge Matthewman concluded that: (1) Mr. Gershman and Mr. Cleary had no <u>actual</u> knowledge that Defendant intended to give perjurious testimony at the suppression hearing; (2) Mr. Gershman and Mr. Cleary, even after the suppression hearing, had no <u>actual</u> knowledge whether Defendant had lied on the stand, and that the testimony she would give at trial would likewise be perjurious; and (3) Mr. Cleary avoided referencing Defendant's perjurious testimony in his closing argument.

In his Report (DE 76) Magistrate Judge Matthewman discusses the application of the Rules Regulating the Florida Bar (hereinafter "Florida Bar Rules") to potential conflicts of interest and ethical and professional choices faced by the lawyer representing a client who may commit perjury. The Court will highlight two aspects of this discussion and provide additional observations.

First, and more broadly, the Florida Bar Rules demand that the lawyer act under obligations to his client and to the court. One of the lawyer's duties to the Court is that the lawyer must act with candor toward the tribunal, which is discussed in Florida Bar Rule 4-3.3. In subsection (a)(4), this Rule explains how the duty

of candor applies to prohibiting the offer of false testimony. Florida Bar Rule 4-3.3(a)(4). Among the lawyer's duties to his client, which may, at times, appear to conflict with this duty of candor to the court, is the duty of confidentiality of Rule 4-1.6. Additionally, in explaining one of the roles of the lawyer, the Preamble to the Professional Conduct Chapter, "A Lawyer's Responsibilities," states, "[a]s an advocate, a lawyer zealously asserts the client's position under the rules of the adversary system." Finally, relevant in the context of criminal defense, while a defendant has no fundamental right to commit perjury, he or she does have a constitutional right to testify, which is grounded in the Sixth Amendment. See United States v. Ly, 646 F.3d 1307, 1313 (11th Cir. 2011)("A criminal defendant has a fundamental right to testify in his defense," which is "more properly framed as a right to choose whether to testify" (citing Rock v. Arkansas,483 U.S. 44, 52 (1987); United States v. Teague, 953 F.2d 1525, 1532 (11th Cir. 1992)); United States v. Scott, 909 F.2d 488, 490 (11th Cir. 1990) (noting the widespread recognition of the defendant's right to testify as a 'fundamental right').

The American Bar Association's Model Rules of Professional Conduct serve as the basis for the Florida Bar Rules.[1] One commentator describing the coexistence of competing duties and the

---

[1] See State Adoption of the ABA Model Rules of Professional Conduct, ABA Center for Professional Responsibility (Mar. 8, 2013), http://www.americanbar.org/groups/professional_ responsibility/publications/model_rules_of_professional_conduct/alpha_list_state_adopting_model_rules.html.

3

absence of an applicable hierarchy for resolving the conflicts in the Model Rules, concludes that, "[t]he multiple conflicting goals have produced a failed regulatory state." See Susan E. Thrower, Neither Reasonable Nor Remedial: The Hopeless Contradictions of the Legal Ethics Measures to Prevent Perjury, 58 Clev. St. L. Rev. 781, 817 (2010) ("If the ABA is serious about providing lawyers with a set of rules capable of satisfaction—as opposed to what it has now, which is a series of increasingly unreachable imperatives—it will start over with one goal in mind" and "choose whether the more important goal is client confidentiality or candor to the court"). It is without doubt that lawyers have competing duties—neither of which is unimportant—but when these duties conflict, lawyers need rules explaining which concern should be prioritized.

The Court also notes a second area of concern with respect to the Florida Bar Rules' treatment of a lawyer's competing responsibilities to the court and client, which in fact prompted the evidentiary hearing in this case. In light of the above-referenced concern that the Rules do not explain how a lawyer ought to navigate his duties, when faced with a perjury-bent client, Rule 4-3.3(a)(4) prioritizes candor to the tribunal when the lawyer finds himself in the position of "know[ing]" the evidence, or in this case, the witness's testimony, "to be false." Judge Matthewman's Report (DE 76) explains how both the Preamble to the Rules and the applicable case law indicate that the best interpretation of this knowledge requirement is that it requires actual knowledge. See DE 76, pp. 21-22. But the lawyer who has

any degree of knowledge less than <u>actual</u> knowledge is placed in a precarious situation in which the Rule gives little guidance: "A lawyer <u>may</u> refuse to offer evidence that the lawyer <u>reasonably believes</u> is false." Rule 4-3.3(a)(4) (emphasis added). This distinction between actual knowledge and reasonable belief is problematic because of the motivations it stirs even in the lawyer who desires to fulfill all duties, to the court and to his client, with integrity. To illustrate the point, in a recent fictional portrayal of the sixteenth-century lawyer and statesman Thomas Cromwell, Cromwell describes the perennial complexity of the lawyer's relationship to the truth: "We are lawyers. We want the truth little by little and only those parts of it we can use." Hilary Mantel, <u>Bring Up the Bodies</u> 285 (2012).

The current Florida Bar Rule exacerbates this complexity with respect to what a lawyer would seek to learn about his criminal defendant client's testimony. L. Timothy Perrin, again discussing the parallel situation under the ABA Model Rules, describes the way this rule works in practice: "The high threshold required to satisfy the actual knowledge standard provides lawyers with the perfect means of avoiding application of Rule 3.3 [Model Rule parallel to Florida Bar Rule 4-3] when necessary. In a litigated matter, what does the lawyer know to a certainty? Defense lawyers who view their role solely in terms of winning and/or who resist any sense of obligation or responsibility for truth or justice, can avoid their client's perjury by rationalizing that they do not have sufficient certainty of the falsity of the defendant's testimony."

<u>The Perplexing Problem of Client Perjury</u>, 76 Fordham L. Rev. 1707, 1725 (2007).

The Rule as it stands in Florida contributes to the difficulty of the ethical dilemma faced by criminal defense lawyers in the position of Mr. Gershman and Mr. Cleary. Lawyers who have doubts about whether their clients will commit perjury can only fully insulate themselves from all of the requirements of the Florida Bar Rules by making certain that they do not have complete knowledge as to whether their clients will tell the truth on the stand. This remains troubling to the Court.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Report And Recommendation (DE 76) filed herein by United States Magistrate Judge William Matthewman be and the same is hereby approved, adopted, and ratified by the Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___11th___ day of March, 2013.

                              WILLIAM J. ZLOCH
                              United States District Judge

Copies furnished:

The Honorable William Matthewman
United States Magistrate Judge

All Counsel of Record